UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| CHARLIE SANTIAGO,<br><br>                                   Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, NICHOLAS GLUTH, Individually, NIKOLAOS STEFOPOULOS, Individually, BRIAN ESTEVEZ, Individually, MICHAEL BOYLE, Individually, KEVIN FERGUSON, Individually, JOHN DIAZ, Individually, RASHARD JONES, Individually, JASON SIMMONS, Individually, and JOHN AND JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                   Defendants. | **AMENDED<br>COMPLAINT**<br><br>25 CV 2994 (AKH)<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

Plaintiff CHARLIE SANTIAGO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff CHARLIE SANTIAGO is a twenty-nine-year-old Hispanic man who resides in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, NICHOLAS GLUTH, NIKOLAOS STEFOPOULOS, BRIAN ESTEVEZ, MICHAEL BOYLE, KEVIN FERGUSON, JOHN DIAZ, RASHARD JONES, JASON SIMMONS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

12. On January 11, 2024, at approximately 9:00 p.m. plaintiff was a rear passenger in a vehicle which was involved in a car chase with defendant NYPD officers.

13. Plaintiff was merely a passenger.

14. Upon the vehicle being stopped, defendant officers believed to include the individually named defendants, approached the vehicle.

15. Plaintiff was pulled out of the vehicle by defendant officers and subjected to unreasonable force, including being slammed to the ground.

16. Once on the ground, plaintiff's face was repeatedly slammed on the ground and he felt needless strikes to his body.

17. Plaintiff was handcuffed and arrested.

18. The individually named defendants were present for and involved in the use of force and arrest of plaintiff, or otherwise failed to intervene despite being aware that probable cause was lacking to arrest plaintiff and that the force used against him was unreasonable.

19. Plaintiff was imprisoned until January 12, 2024, on which date the New York County District Attorney's Office declined to prosecute plaintiff on all charges lodged against him under arrest number M24602022 by defendant NICHOLAS GLUTH and which had been approved by defendant Sergeant MICHAEL BOYLE.

20. Plaintiff sustained, without limitation, bruising and abrasions to his face and

extremities, pain and suffering, emotional distress, and deprivation of his liberty.

21. The individually named defendants either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of aggressive policing and use of excessive force by members of the specialized NYPD unit, known as the Community Response Team (hereinafter "CRT").

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many CRT officers, including the defendants engage in a practice of overly aggressive policing and excessive force, all of which has been sanctioned by the CITY OF NEW YORK.[1]

24. Notably, defendant STEFOPOULOS has been the subject of at least eight excessive force complaints, two of which were substantiated prior to this incident. Moreover, he was shortly after this incident recorded on video punching the operator of a motor vehicle that had fled from him and his fellow officers, despite that the operator was not engaged in any conduct warranting the use of force.[2]

---

[1] *See* https://www.propublica.org/article/eric-adams-nypd-community-response-team-police-nyc-misconduct-transparency.
[2] *See* https://www.nydailynews.com/2024/02/20/nypd-lieutenant-accused-of-attacking-manhattan-car-chase-suspect-has-record-of-complaints-lawsuits/; https://assets-d.propublica.org/v5/video/3-Driver-Final-V1.mp4.

25. Defendants GLUTH, ESTEVEZ, BOYLE, FERGUSON, DIAZ, JONES, and SIMMONS have also been the subject of numerous complaints, including those involving allegations of excessive force, that were filed with the Civilian Complaint Review Board.

26. Defendant CITY OF NEW YORK is further aware that improper training and supervision with respect to the use of force by CRT officers has resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

27. Moreover, given the defendant officers' histories, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff CHARLIE SANTIAGO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff CHARLIE SANTIAGO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendants)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff CHARLIE SANTIAGO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff CHARLIE SANTIAGO to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named Defendants)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by defendants was excessive, objectively

unreasonable, and otherwise in violation of plaintiff CHARLIE SANTIAGO's constitutional rights.

39. As a result of the aforementioned conduct of defendants, plaintiff CHARLIE SANTIAGO was subjected to excessive force and sustained physical and emotional injuries.

40. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff CHARLIE SANTIAGO, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff CHARLIE SANTIAGO's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

45. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983 against Individually Named Supervisory Defendant Officers</u>)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The supervisory defendants, including defendant BOYLE, personally caused plaintiff's constitutional injury by their direct involvement in the events described herein and by being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train their subordinate employees.

48. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York</u>)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, employing a practice of aggressive policing and excessive force by CRT officers and inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation

8

of plaintiff CHARLIE SANTIAGO's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its CRT officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff CHARLIE SANTIAGO.

53. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHARLIE SANTIAGO as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHARLIE SANTIAGO as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHARLIE SANTIAGO was unlawfully arrested and subjected to excessive force.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHARLIE SANTIAGO's constitutional rights.

9

57. All of the foregoing acts by defendants deprived plaintiff CHARLIE SANTIAGO of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest;

    B.    To be free from excessive force; and

    C.    To be free from the failure to intervene.

58. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## Supplemental State Law Claims

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

61. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

63. Plaintiff has complied with all conditions precedent to maintaining the instant action.

64. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
<u>(False Arrest under the laws of the State of New York against All Defendants)</u>

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants arrested plaintiff CHARLIE SANTIAGO without probable cause.

67. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

68. As a result of the aforementioned conduct, plaintiff CHARLIE SANTIAGO was unlawfully imprisoned in violation of the laws of the State of New York.

69. As a result of the aforementioned conduct, plaintiff CHARLIE SANTIAGO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

70. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

71. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
<u>(Assault under the laws of the State of New York against All Defendants)</u>

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. As a result of the foregoing, plaintiff CHARLIE SANTIAGO was placed in

apprehension of imminent harmful and offensive bodily contact.

74. As a result of defendant's conduct, plaintiff CHARLIE SANTIAGO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

76. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants made offensive contact with plaintiff without privilege or consent.

79. As a result of defendant's conduct, plaintiff CHARLIE SANTIAGO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the violent arrest of plaintiff CHARLIE SANTIAGO.

84. Defendant CITY OF NEW YORK knew, or should have known, in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHARLIE SANTIAGO.

88. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff CHARLIE SANTIAGO's rights to be free from false arrest and excessive force were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

91. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

92. Qualified immunity is no defense to this claim.

93. As a result of the foregoing, plaintiff CHARLIE SANTIAGO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff CHARLIE SANTIAGO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
January 12, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff
CHARLIE SANTIAGO
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CHARLIE SANTIAGO,

                                     Plaintiff,

    -against-                                                   25 CV 2994 (AKH)

CITY OF NEW YORK, NICHOLAS GLUTH, Individually,
NIKOLAOS STEFOPOULOS, Individually,
BRIAN ESTEVEZ, Individually, MICHAEL BOYLE,
Individually, KEVIN FERGUSON, Individually, JOHN DIAZ,
Individually, RASHARD JONES, Individually, JASON
SIMMONS and JOHN AND JANE DOE 1 through10, Individually
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                     Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, NY 10279
(212) 335-0132